IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

                          Plaintiff,                                4:21-CR-3074

vs.

JAESA SUZANNE VAUGHN,                                      TENTATIVE FINDINGS

                          Defendant.

The Court has received the revised presentence investigation report in this case. There are no motions for departure or variance. The defendant has objected to the presentence report. Filing 20.

IT IS ORDERED:

1.   The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)   give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)   resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)     impose upon the United States the burden of proof on all Guidelines enhancements;

(d)     impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)     depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.     There are no motions that require resolution at sentencing. The defendant has objected (filing 20) to the presentence report's assessment of a two-level enhancement to the offense level pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon, and she argues that the government's failure to lodge its own objection is a breach of the parties' plea agreement.

Not so. The party asserting the breach of a plea agreement has the burden of establishing it, *United States v. Raifsnider*, 663 F.3d 1004, 1009 (8th Cir. 2011), and the government does not breach a plea agreement even by *advocating* for a particular enhancement in a case in which that enhancement was an issue that was not agreed to or specifically listed in the plea agreement, *United States v. Quebedo*, 788 F.3d 768, 775 (8th Cir. 2015).

In fact, *Quebedo* was an appeal from the District of Nebraska, and the plea agreement in that case included the same boilerplate language as in this case: that "the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable)." *Compare* 788 F.3d at 770 *with* filing 12 at 3. And the Eighth Circuit held that the government did not breach that plea agreement by advocating for a sentencing enhancement for which there was no stipulation. *Quebedo*, 788 F.3d at 776; *see United States v. Pierre*, 912 F.3d 1137, 1142 (8th Cir. 2019). Nor did the plea agreement obligate the government to object to recommendations made in the presentence report. *Quebedo*, 788 F.3d at 776; *see United States v. Has No Horses*, 261 F.3d 744, 750 (8th Cir. 2001).

Accordingly, the Court sees no basis to find a breach of the plea agreement in this case. But that said, the defendant has objected to the presentence report's assessment of the dangerous weapon enhancement, meaning that for the enhancement to apply, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *See United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). So, the Court will resolve this objection on the evidence (if any) presented at sentencing.

3.      Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.      If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3)

business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.   Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.   Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 8th day of October, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge